IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDMUND S. FERREIRA,

        Petitioner,

        v.

ISRAEL JACQUEZ,

        Respondent.

Case No. 3:23-cv-00703-SI

OPINION AND ORDER

Edmund S. Ferreira
12133-122
FCI-Sheridan
P.O. Box 5000
Sheridan, OR 97378

    Petitioner, *Pro Se*

Natalie K. Wight
United States Attorney
Alison M. Milne, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP's") determination that he is ineligible to accrue time credits under the First Step Act ("FSA"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is currently in BOP custody serving a 120-month prison sentence for conspiracy to distribute and possess 50g or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii), and conspiracy to distribute and possess 40g or more of a substance containing fentanyl in violation of 21 U.S.C. 841(b)(1)(B)(vi). It is uncontroverted that upon his arrival at the BOP's Sheridan facility, officials placed him in the Residential Drug Abuse Treatment Program ("RDAP") and also determined that he was eligible to receive the sentence reduction benefit associated with that program pursuant to 18 U.S.C. § 3621(e). However, the BOP found Petitioner ineligible to earn time credits under the FSA.

Petitioner attempted to challenge this latter determination through the BOP's administrative review process. Pursuant to the BOP's administrative remedy process, if an Adult in Custody ("AIC") is unable to resolve an issue informally, he may file a formal complaint with his warden using a BP-9 form. If the BP-9 is unsuccessful, the prisoner can file a Regional Administrative Remedy Appeal (BP-10). Finally, if the BP-10 does not afford the AIC relief he finds to be satisfactory, he can file a Central Office Administrative Remedy Appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15. If the BOP denies relief on the BP-11, the inmate has exhausted his administrative remedies and may file for judicial relief.

The parties agree that on or about October 12, 2022, Petitioner filed a BP-9 raising the FSA time credit issue. According to Petitioner, the BOP never responded to his BP-9 filing. Respondent contends that on the day Petitioner submitted the BP-9, the Warden at FCI-Sheridan rejected it because Petitioner had failed to sign it. Declaration of Robert Miller (#7), ¶ 8. However, Respondent is unable to provide evidence that the Warden ever actually responded to Petitioner and acknowledges that "[i]t is unclear whether Petitioner received notice of the rejected BP-9." *Id* at ¶ 9.

On January 11, 2023, Petitioner filed a BP-10.[1] In that appeal, Petitioner advised the Regional Office that no one had responded to his BP-9:

> I am submitting this BP-10 as an appeal to the BP-9 that I submitted over 30 days ago. The BP-9 that I submitted has been ignored by staff at FCI Sheridan. According to 542.18, I am to assume denial and proceed to the Regional Office.
>
> I am seeking a correction of my denial of FSA Time Credit. I have attached a copy of my Initial Needs Sheet which states that I have [been] reviewed for 18 U.S.C. 3621e sentence reduction upon completion of the RDAP program. If I had a precluding offense that legitimately denied me FSA Credit it would be reflected in a denial of 3621e credit. The precluded offenses mirror one another.
>
> Please correct my FSA eligibility status, apply my credit and adjust my release date accordingly.

Respondent's Exhibit B, p. 6.

---

[1] Respondent asserts that there is no evidence the Regional Office actually received the appeal because the copies of the BP-10 Petitioner submitted as exhibits to his BP-11 lack a date stamp indicating its receipt by the Regional Office. Where Petitioner has consistently asserted that he never received any response from the Regional Office, it is unclear how he would have possessed such a stamped copy to submit to the Central Office with his BP-11.

3 - OPINION AND ORDER

When Petitioner received no response to his BP-10, on March 1, 2023 he attempted to resolve the FSA time credit issue by appealing the issue to the Central Office:

> I am submit[ting] this BP-11 as an appeal to the BP-10 that I filed with the Western Regional Office on January 11, 2023. The BP-10 was never answered by the Regional Office within 30 days and per 542.18, I am to assume denial and proceed to the National Office, hence this filing. As stated in the BP-10, my BP-8 and BP-9 were also ignored.
>
> I am seeking the correction of my denial of FSA Time Credit. I was approved for 3621e sentence reduction having NOT been convicted of any violent offense AND I have no additional issues that would deny me either the 3621e credit or FSA Time Credit.
>
> I am entitled to the FSA Time Credit that I have earned and I am specifically requesting that my FSA Time Credit status be corrected to ELIGIBLE, the Time Credits applied to early release and my projected release date updated accordingly.

Miller Declaration Exhibit B (#7-2), p. 2.

On April 3, 2023, the Central Office rejected the BP-11 and issued a rejection notice to Petitioner. It stated that it concurred with the rationale of the "institution" in rejecting an earlier appeal and directed him to "FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION NOTICES." Miller Declaration Exhibit B (#7-2), p. 1. This was of little help to Petitioner who had not received any prior rejection notices.[2]

Presumably before he received the April 3 rejection, Petitioner sent another BP-11 to the Central Office on April 6, 2023. He once again stated that he had never received a response to his BP-10, and that he did not have any offense that would render him ineligible for FSA time credits. Miller Declaration Exhibit C (#7-3), p. 2. On May 9, 2023, the Central Office sent

---

[2] Respondent has not provided the Court with BP-9 or BP-10 rejection notices as part of the record.

4 - OPINION AND ORDER

another rejection notice that once again ignored Petitioner's assertion that he had not received any rejections from his prior appeals. The Central Office's May 9 rejection once again instructed Petitioner to follow the directions provided in prior rejection notices. *Id* at 1.

On May 12, 2023, Petitioner filed this habeas corpus action asking the Court to find him eligible for FSA earned time credits and direct Respondent to recalculate his sentence accordingly. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner has not exhausted his administrative remedies; and (2) even assuming lack of exhaustion does not bar this suit, Petitioner is not entitled to FSA time credits under the relevant statute.

## DISCUSSION

**I.    Exhaustion of Administrative Remedies**

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring a petitioner to exhaust administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id*. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id*; *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff,

or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official BOP policy and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004).

As reflected in the Background of this Opinion, Petitioner spent six months patiently and diligently attempting to resolve his issue through the BOP's administrative review process. Although he repeatedly advised the BOP that he had not received any responses to his earlier administrative appeals, the BOP never provided him with those responses. Instead, the Central Office issued only cryptic BP-11 rejections requiring Petitioner to follow instructions he had never received. Holding an AIC to exhaustion in these circumstances is not justified. Accordingly, upon the record established in this Court, any failure on Petitioner's part to achieve proper technical exhaustion is excused.

## II.   The Merits

The FSA, which Congress enacted on December 21, 2018, incentivizes prisoners to complete evidence-based recidivism reduction programs in exchange for awards, including earned time credits that those prisoners can utilize to accelerate their release from prison. An AIC who is deemed eligible for FSA time credits is able to earn up to 365 days to be applied to his statutory release date. There are, however, certain offenses which render an AIC ineligible for those credits. Among those statutory restrictions, a prisoner who was convicted of a drug

offense pursuant to 21 U.S.C. § 841(b)(1) is ineligible for FSA time credits "if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission." 18 U.S.C. § 3632(d)(4)(D)(lxvii).

It is undisputed that both of Petitioner's drug convictions arose pursuant to 21 U.S.C. § 841(b)(1), and that the BOP has ruled him ineligible for FSA time credits due to his role as an organizer or leader of his drug offenses. The Presentence Report prepared in advance of Petitioner's criminal sentencing found that he: (1) recruited and paid individuals to hold contraband for him; and (2) was an organizer, leader, manager, or supervisor of criminal activity. Miller Declaration (#7) at ¶ 12; Exhibit F at 8. Although Petitioner argues that a comment within his Presentence Report is insufficient to preclude him from earning time credits under the FSA, the sentencing court specifically adopted the factual findings contained within the PSR. Miller Declaration Exhibit G (#7-6), p. 1. Because the BOP's determination that Petitioner is ineligible for the accrual of FSA time credits is supported by the record, he is not entitled to habeas corpus relief.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

August 23, 2023
    DATE

                                Michael H. Simon
                                United States District Judge